UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert E. Mathias, | Case File No.: 0:20-cv-01014 SRN/LIB |
| Plaintiff, | |
| vs. | **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)** |
| Susan Hettich, | |
| Defendant. | |

## INTRODUCTION

This is the second time an action for defamation and conversion, based on the same set of facts, has been commenced by Plaintiff Robert Mathias against Defendant Susan Hettich. The first time Plaintiff dismissed his complaint, without service of an Answer and without prejudice, in August 2019 in St. Louis County District Court. *See* Robert Mathias v. Susan Hettich, 69DU-CV-19-2305. This action, as well as the previous action, is related to extensive and protracted litigation pertaining to Defendant Susan Hettich's role as Trustee for the Ann Lee Coleman Living Trust, dated March 21, 2018 ("the Trust"). The beneficiaries of the Trust are Defendant Susan Hettich's biological nieces and nephews, who are the grandchildren of Plaintiff Robert Mathias.

Plaintiff Robert E. Mathias served this action on Defendant on March 25, 2020.

Defendant contacted Plaintiff about the frivolous nature of his claims on April 3, 2020. Plaintiff has refused to dismiss his claims that fail under Minnesota law. Defendant Susan Hettich respectfully submits this Memorandum of Law in support of her Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Although pursuant to Local Rule 7.1 a hearing has been scheduled for September 3, 2020, Defendant does not believe that a hearing is necessary to decide the issues raised in the Motion and respectfully submits that it would be appropriate and economical to decide this Motion on the pleadings without a hearing. Plaintiff's defamation claim fails as a matter of law because the alleged defamatory statements were made in the context of a report to the Minnesota Office of Lawyers Professional Responsibility. The Office of Lawyers Professional Responsibility informed Plaintiff in a decision dated September 30, 2019, that Defendant's statements are "absolutely privileged" under Rule 21, Rules on Lawyer's Professional Responsibility. Moreover, Plaintiff's alleged defamation and conversion claims fail to state a claim upon which relief may be granted.

## LEGAL ISSUES

I. Whether the Complaint alleges a plausible claim for defamation under Minnesota law.

II. Whether the Complaint alleges a plausible claim for conversion under Minnesota law.

## MATERIAL FACTS NOT IN DISPUTE

These facts are undisputed and are taken from the pleadings in this case or other court

documents in which the Court may take judicial notice and that have been incorporated by reference in the pleadings:

1. Scott Mathias, Plaintiff's son, and Ann Lee Coleman, Defendant's sister, were married from January 18, 2008, until January 31, 2017. *See* In Re the Marriage of: Ann Lee Coleman and Scott Robert Mathias, 69DU-FA-16-929 (St. Louis County, Minnesota District Court).

2. Scott Mathias and Ann Coleman have four children born to them, whose names and dates of birth are as follows: Alexis Ann Mathias, born January 1, 2002, currently 18 years of age; L.A.M., born November 23, 2004, currently 15 years of age; J.R.M, born March 7, 2007, currently 13 years of age; and T.M.M., born January 2, 2010, currently 10 years of age. *See* id.

3. Ann Lee Coleman passed away from cancer on March 31, 2018. *See* Doc. #2, Counterclaim ¶ 18.

4. Ann Lee Coleman's assets and property are being held for the benefit of her children according to the terms of the Ann Lee Coleman Living Trust, dated March 21, 2018 ("the Trust"). *See* Doc. #2, Counterclaim ¶ 19.

5. Extensive and protracted litigation has ensued in state court in St. Louis County, Minnesota, regarding Ann Lee Coleman's assets and the terms of the Trust:

   Scott Mathias, et al. v. Susan Hettich, et al., 69 DU-CV-18-2988

        <u>Scott Mathias, et al. v. Susan Hettich et al.</u>, 69DU-CV-18-3015

        <u>Scott Mathias v. Ann Lee Coleman Living Trust</u>, 69DU-CV-19-1899

        <u>Scott Mathias v. Alerus Financial, N.A.</u>, 69DU-CV-19-2971

        <u>In re: Conservatorship of AAM, LAM, JRM, TMM</u>, 69DU-PR-18-369

        <u>Ann Lee Coleman Living Trust v. Scott Mathias</u>, 69DU-CV-18-2230

        <u>Ann Lee Coleman Living Trust v. Scott Mathias</u>, 69DU-CV-20-223

6. Judge David Johnson, district court judge for the Sixth Judicial District, St. Louis County, Minnesota, issued an Order and Memorandum resolving a number of issues related to Scott Mathias's obligations to maintain and repair the house owned by the Trust and Scott Mathias's obligations with regard to payment he is receiving as representative payee for the children from the Social Security Administration. *See* Doc. #1-6, <u>Scott Mathias v. Ann Lee Coleman Living Trust</u>, 69DU-CV-19-1899, Order filed on January 8, 2020, attached as Exhibit 1(D) to Answer and Counterclaim.

7. Judge Johnson denied Scott Mathias's motion to vacate or amend the Court's Order dated January 7, 2020, and filed on January 8, 2020. *See* Doc. #1-6, <u>Scott Mathias v. Ann Lee Coleman Living Trust</u>, 69DU-CV-19-1899, Order filed on February 20, 2020, attached as Exhibit 1(D) to Answer and Counterclaim.

8. Unhappy with these decisions, Scott Mathias has appealed Judge Johnson's

      Orders and the case is currently stayed pending resolution of the appeal. *See* Scott Mathias v. Ann Lee Coleman Living Trust, 69DU-CV-19-1899.

9. On August 31, 2018, Defendant made a report to the Minnesota Office of Lawyers Professional Responsibility regarding Plaintiff. Included as part of the complaint form was (1) a copy of Plaintiff's public reprimand and 30-day suspension for failing to file timely tax returns with the IRS for 17 years; and (2) a copy of two letters from the IRS indicating the IRS's intent to terminate Plaintiff's installment agreement and calculation that Plaintiff owes $21,507.04 in taxes. *See* Doc. #1-3, attached as Exhibit 1(A) to Answer and Counterclaim in this action.

10. The opinion from the Minnesota Supreme Court, In re Petition for Disciplinary Action against Robert E. Mathias, an Attorney at Law of the State of Minnesota, Case C1-92-398, is publicly available.
 http://lprb.mncourts.gov/LawyerSearch/Pages/default.aspx

11. A copy of the two IRS letters addressed to Plaintiff that were submitted to the Minnesota Office of Lawyers Professional Responsibility were provided to Plaintiff with Defendant's complaint, and could have been obtained directly from the IRS if Plaintiff lost or did not have access to the original.

12. Prior to this action, Plaintiff served a Summons and Complaint on Defendant in January 2019, alleging her complaint to the Minnesota Office of Lawyers

   Professional Responsibility was "defamatory" and "made without regard to the truth or falsity." He further alleged that the "malicious allegations have directly caused emotional distress to Plaintiff and have caused Plaintiff to be viewed in an unfavorable light by the Lawyers Board of Professional Responsibility." *See* Doc.#1-5, <u>Robert Mathias v. Susan Hettich</u>, 69DU-CV-19-2305, Complaint ¶¶ 7, 9; attached as Exh. 1(C) to Answer and Counterclaim.

13. Plaintiff dismissed his previous action, without prejudice, on August 21, 2019. *See* Doc. #1-5, <u>Robert Mathias v. Susan Hettich</u>, 69DU-CV-19-2305, attached as Exhibit 1(C) to Answer and Counterclaim.

14. Plaintiff then filed a complaint with the Minnesota Office of Lawyers Professional Responsibility in September 2019, alleging Defendant's prior complaint was "defamatory per se;" that Defendant converted "private property to her own use;" and that Defendant's ability to be an impartial trustee should be investigated." Doc. #1-7, attached as Exh. 2 to Answer and Counterclaim.

15. The Deputy Director for the Minnesota Office of Lawyers Professional Responsibility dismissed Plaintiff's complaint, explaining to Plaintiff that complaints or statements of a lawyer's alleged unprofessional conduct made to the Minnesota Office of Lawyers Professional Responsibility are

"absolutely privileged and may not serve as a basis for liability in any civil lawsuit brought against the person who made the complaint, charge, or statement." Doc. #1-7, p. 8, Exh. 2 attached to Answer and Counterclaim.

16. Despite notice that Plaintiff's defamation claim may not serve as a basis for liability in a civil action, Plaintiff served Defendant with another Summons and Complaint alleging that Defendant's complaint to the Minnesota Office of Lawyers Professional Responsibility was defamatory. Doc. #1-1, Summons and Complaint.

17. Plaintiff has stated that the basis for commencing the instant lawsuit against Defendant was to "buy peace" for his grandchildren. Doc. #1-9, Exh. 4, attached to Answer and Counterclaim, email from Mathias Law firm dated April 3, 2020, at 1:13 PM ).

18. Plaintiff is using this lawsuit as a way to try to influence, intimidate, and control Defendant's action related to her role as Trustee. Doc. #1-9, Exh. 4, attached to Answer and Counterclaim, email dated April 3, 2020, at 1:13 PM – "Make no mistake, I will get a punitive damage award against you. . . . you still have time to do what is right; email from Mathias Law Firm dated April 3, 2020, at 11:13 AM – "you can go the hard way if you wish. I dismissed the case long ago because I believed everything was settled but you have continued your war against the kids. . . . I would drop this case in a second if

you were willing to put these trust issues to rest for good. I am not looking for anything for me but would simply like some peace and quiet.").

19. Defendant served Plaintiff on April 3, 2020 with a Notice of Motion and Motion for Sanctions pursuant to Rule 11.03 and Minn. Stat. § 549.211. Doc. #1-2, attached as Exh. 1 to Answer and Counterclaim.

20. Plaintiff dated to defense counsel a letter April 23, 2020, and included the following documents for mailing: (1) Answer to Counterclaim (dated April 23, 2020); (2) Response to Motion for Sanctions (initially dated April 26, 2020, and then written over to April 23, 2020); (3) Deposition Notice (dated April 26, 2020); (4) Plaintiff's Interrogatories to Defendant - Set I (dated April 23, 2020); and (5) request for Documents (dated April 26, 2020). No Affidavit of Service of Mailing was included.

21. In response to the Motion for Sanctions, Plaintiff states this action was brought "to remedy wrongs totally fabricated by the Defendant" and that there is "no immunity from suit [because] such immunity granted by Minnesota Law does not apply where the Defendant has completely made up and fabricated her complaints to the Lawyers Board."

22. Although Plaintiff asserts that his "allegations are well supported by existing evidence and will gain additional evidentiary support by anticipated discovery," he did not cite a single case, statute, rule, or other legal support for

his positions.

## ARGUMENT

### Standard of Review

On a motion for judgment on the pleadings, the movant bears the burden of "clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law." Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). While a court generally may not consider matters outside the pleadings on a motion for judgment on the pleadings, exceptions include: "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." Williams v. Employers Mut. Cas. Co., 845 F.3d 891, 903–04 (8th Cir. 2017) (quoting Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012)).

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must provide "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). In other words, unless a plaintiff pleads facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed" Id. at 570.

A plaintiff is not entitled to discovery before a motion to dismiss. Triemert v. Washington Cty., No. 13-CV-1312 (PJS/JSM), 2013 WL 6729260, at *1 (D. Minn. Dec. 19, 2013) (citing Butler v. Balolia, 736 F.3d 609, 613 (1st Cir. 2013)). Dismissal under Fed. R.

Civ. P. 12(b)(6) helps protect defendants from expending resources on costly discovery that is likely to be futile.  Id. (quoting Kolley v. Adult Protective Servs., 725 F.3d 581, 587 (6th Cir. 2013)).

    **A.**    **Dismissal Under Fed. R. Civ. P. 12(b)(6) is proper because the report to the Minnesota Office of Lawyers Professional Responsibility is absolutely privileged, and additionally because Plaintiff's Complaint fails to state a plausible claim for defamation.**

        *1.*    *Privilege*

The first ground for dismissal is based on Rule 21, Minnesota Rules of Professional Responsibility, which provides:

**RULE 21. PRIVILEGE: IMMUNITY**

**(a) Privilege.** A complaint or charge, or statement relating to a complaint or charge, of a lawyer's alleged unprofessional conduct, to the extent that it is made in proceedings under these Rules, or to the Director or a person employed thereby or to a District Committee, the Board or this Court, or any member thereof, is absolutely privileged and may not serve as a basis for liability in any civil lawsuit brought against the person who made the complaint, charge, or statement.

The entire basis for Plaintiff's defamation claim is Defendant's "malicious" filing of a complaint regarding Plaintiff's troubles with the IRS.  Doc. #1-1, Complaint, ¶¶ 4, 8, 9–10. Plaintiff's claim is subject to dismissal because Defendant's statements made in the report to the Minnesota Office of Lawyers Professional Responsibility are absolutely privileged.

        *2.*    *Failure to State a Plausible Claim*

Even if the statements were not protected by privilege, Plaintiff's defamation claim is subject to dismissal for failure to state a plausible claim.  In order to prevail on a claim of

defamation in Minnesota, a plaintiff must show that the defendant "made: (a) a false and defamatory statement about the plaintiff; (b) in unprivileged publication to a third party; (c) that harmed the plaintiff's reputation in the community." Weinberger v. Maplewood Review, 668 N.W.2d 667, 673 (Minn. 2003).  Plaintiff has alleged in a conclusory fashion that Defendant's privileged statements were false and defamatory.  The documents attached to the report speak for themselves and demonstrate: (1) Plaintiff has a public disciplinary history for failing to timely file tax returns over a 17-year period; (2) Plaintiff breached an installment agreement with the IRS; and (3) Plaintiff was subject to an increase in his tax obligations and the IRS imposed an "accuracy-related penalty on underpayments" and a "failure-to-pay penalty."  Even if the statements were not privileged, Plaintiff's complaint does not satisfy the first element for a defamation claim.  Thomas v. United Steelworkers Local 1938, 743 F.3d 1134, 1143 (8th Cir. 2014) (quoting Weinberger, 668 N.W.2d at 680) ("To satisfy the falsity element of a defamation claim under Minnesota law, 'a plaintiff must make an initial demonstration that there is a material dispute as to the truth or falsity of the statements at issue.'").

    Moreover, Plaintiff has not alleged any facts demonstrating how his reputation has been harmed in the community because of Plaintiff's report to the Office of Lawyers Professional Responsibility.  Plaintiff has not alleged Defendant disclosed this information to a third-party outside of the Office of Lawyers Professional Responsibility.  Because no such disclosure has been made, Plaintiff did not allege and cannot demonstrate damage to

his business or reputation caused by Defendant. Plaintiff's defamation claim is subject to dismissal for failure to state a claim.

### B. Dismissal Under Fed. R. Civ. P. 12(b)(6) is proper because Plaintiff's Complaint fails to state a plausible claim for conversion.

Plaintiff alleges in conclusory fashion that Defendant unlawfully obtained Plaintiff's tax records and converted those records to her own use. Doc. #1-1, Complaint ¶¶ 3, 5, 11. Plaintiff's conversion claim is subject to dismissal because Plaintiff has not alleged how he has been deprived of the use of the information in the tax records, or that the "property" has any value.

The common law tort of conversion is defined in Minnesota as "an act of willful interference with personal property, 'done without lawful justification by which any person entitled thereto is deprived of use and possession.'" DLH, Inc. v. Russ, 566 N.W.2d 60, 71 (Minn. 1997) (quoting Larson v. Archer-Daniels Midland Co., 32 N.W.2d 649, 650 (1948)). The measure of damages is generally the value of the property at the time of the conversion plus interest from that time. Microsoft Corp. v. Ion Techs. Corp., 484 F.Supp.2d 955, 963 (D. Minn. 2007) (quoting McKinley v. Flaherty, 390 N.W.2d 30, 32 (Minn. Ct. App. 1986). "A plaintiff cannot pursue a conversion claim for damages where no damages arise from the alleged conversion." Id.

Under well-established Minnesota law, Plaintiff may not maintain a conversion claim based on Defendant's alleged reliance on a copy of IRS letters to support her claim to the Office of Professional Responsibility. Defendant has possession of a copy of the letters.

Even assuming these letters qualify as "property" under Minnesota conversion law, Plaintiff has failed to explain how he has been deprived of the use of the information. See <u>Mid-List Press v. Nora</u>, 275 F.Supp.2d 997, 1005 (D. Minn. 2003) (dismissing conversion claim because plaintiff still had use of the trade secrets at issue); <u>Bloom v. Hennepin Cty.</u>, 783 F.Supp. 418, 441 (D. Minn. 1992) (concluding the defendant's copying and use of plaintiff's proprietary information was insufficient to establish deprivation required for conversion claim). Even assuming Plaintiff lost, misplaced, or gave the original letter to his account, he received a copy of the letters from the Office of Professional Responsibility and could have at any time requested a copy directly from the IRS. Plaintiff had access to the information contained within the letters.

Further, there is an absence of any allegation regarding how the alleged conversion of Plaintiff's letters damaged Plaintiff. "The tort of conversion applies where the interference with the plaintiff's property is so serious as to justify the forced judicial sale of the property to the defendant." <u>Bloom</u>, 783 F.Supp. at 441. Even if the tort of conversion was extended to apply to a copy of a letter from the IRS, the claim is subject to dismissal because Plaintiff has failed to plead how he was deprived of use of the information and how he was damaged by the deprivation. The value of two pieces of paper photocopied at Defendant's expense is *de minimis* and does not give rise to a colorable conversion claim.

## **CONCLUSION**

Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety

without leave to amend because there is no set of facts under these circumstances that would give rise to a cognizable claim for defamation or conversion. Defendant also seeks an award for costs and attorney's fees under Minn. Stat. § 549.211 for pursuing these frivolous claims, for bringing this action for an improper purpose that was designed to harass and intimidate Defendant for her decisions regarding the Trust, and as an improper method to attempt to influence other court proceedings.

Dated: May 5, 2020.

*/s/   Ronald K. Hettich*
Ronald K. Hettich - MN #0325867
Attorney for Defendant
112 N. University Drive, Suite 323
Fargo, ND 58102
Tel: (701) 356-6471/ Fax: (701) 356-6472
ron@hettichlaw.com