UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert E. Mathias, | Case File No.: 0:20-cv-01014 SRN/LIB |
| Plaintiff, | |
| vs. | **DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO REMAND** |
| Susan Hettich, | |
| Defendant. | |

## INTRODUCTION

Despite three-weeks notice to Plaintiff that Defendant was contemplating removing this action to federal court, Plaintiff took no steps to clarify his claims or limit his damages below the jurisdictional limit set forth in 28 U.S.C. § 1332(a). (Doc. #1-4). Instead, Plaintiff did just the opposite. He informed Defendant: "Rest assured I have read the Minnesota cases of defamation and there is no doubt that I have a perfect case against you." (Doc. #1-9, p.2). He went on to state: "Make no mistake, I will get a punitive damage award against you." (Doc. #1-9, p. 1). In his affidavit in support of motion to remand, Plaintiff continues to believe his conversion claim could give rise to punitive damages. (Doc, #21, ¶9). Yet, without any explanation, he believes that the damages will not exceed $75,000. Plaintiff, without citing a single case in support of his motion, is attempting to use a post-removal

1

affidavit to defeat jurisdiction. Plaintiff's untimely attempt to defeat jurisdiction should be denied.

## DISCUSSION

Decades ago the United States Supreme Court explained that in diversity cases:

> If the plaintiff could, no matter how bona fide his original claim in the state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice. The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election. If he does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, (1938). Here, there is no dispute that the parties are residents of different states. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) The jurisdictional inquiry for the amount in controversy focuses on the claims made at the time of removal. James Neff Kramper Family Farm P'ship v. IBP, Inc., 393 F.3d 828, 833–34 (8th Cir. 2005); see Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964 (8th Cir. 2016) (per curiam) ("noting jurisdiction is measured at the time of removal and facts arising subsequent to removal have no bearing on the court's jurisdictional determination). The party asserting federal jurisdiction bears the burden of showing the amount in controversy requirement is met. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th

Cir. 1969). If the complaint states an amount that is not specifically above the federal jurisdictional limit, a defendant seeking removal bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. In re Minn. Mut. Life Ins. Co. v. Sales Practices Litig., 346 F.3d 830, 840 (8th Cir. 2003). This burden can be met by submitting evidence that the damages may exceed the jurisdictional minimum. In other words, "The jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude they are." Neff Kramper Family Farm P'ship, 393 F.3d at 833 (quoting Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)).

At the time of removal, Plaintiff's complaint alleged damages in excess of $50,000. Plaintiff insisted that he had "a perfect case" against Defendant. Plaintiff indicated to Defendant that he "will get a punitive damages award." (Doc. #1-9, p. 1). Under Minnesota law, "punitive damages can be awarded in cases of defamation per se without proof of actual damage to the plaintiff." Hern v. Bankers Life Cas. Co., 133 F.Supp.2d 1130, 1135 (D. Minn. Jan. 12, 2001) (quoting Stuempges v. Parke, Davis & Co., 297 N.W.2d 252, 259 (Minn. 1980)). Plaintiff repeats in his affidavit in support of motion to remand that he will seek punitive damages. Punitive damages are included in determining the amount in controversy. Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994). Additionally, at the time of removal, Defendant had counterclaimed for, among other damages, an award of attorney's fees under Minn. Stat. § 549.211. Statutory attorney fees can count toward the jurisdictional

minimum calculation. Rasmussen v. State Farm Mut. Auto. Ins. Co., 410 F.3d 1029, 1031 (8th Cir. 2005) (citing Crawford v. F. Hoffman-LaRochem Ltd., 267 F.3d 760, 766 (8th Cir. 2001)). Defendant has shown by a preponderance of the evidence that the "amount in controversy" plausibly exceeded the jurisdictional limit at the time of removal. See Pirozzi v. Massage Envy Franchising, LLC, 938 F.3d 981, 984 (8th Cir. 2019) (quoting Raskas v. Johnson & Johnson, 719 F.3d 884, 888 (8th Cir. 2013) (when the notice of removal plausibly alleges that the plaintiff might recover actual damages, punitive damages, and attorneys' fees aggregating more than the jurisdictional threshold, "then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

The Eighth Circuit has determined that a plaintiff's post-removal voluntary reduction of his claim to less than the jurisdictional amount does not defeat federal jurisdiction acquired through removal. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). District courts routinely deny motions to remand when a plaintiff attempts to defeat jurisdiction by amending his complaint or stipulating to damages in an amount less than the jurisdictional threshold. See, e.g., Salazar v. Tyson Foods, Inc., 985 F.Supp.2d 996, 1002 (S.D. Iowa 2013) (finding the plaintiff's stipulation reducing his damages to $73,000 is "an impermissible and unsuccessful *post hoc* attempt to cap his requested damages to defeat federal jurisdiction"); Peterson v. Sagebrush Res. LLC, 736 F. Supp. 2d 1237, 1239 (D.N.D. 2010) (denying remand when plaintiff amended his complaint after removal to request damages below the jurisdictional threshold); Kaufman v. Costco Wholesale Corp., 571

F.Supp.2d 1061, 1064 (D. Minn. 2008) (citing <u>Hatridge</u>, 415 F.2d at 814).

Much like the plaintiff in <u>Kaufman</u>, here, Plaintiff's post-removal about-face regarding his claim for damages is not to "clarify" his damages, but to avoid federal court. With the exception of a three-year period from August 2005 to June 2008, Defendant has resided in North Dakota since 1999. As such, Defendant is a long-time North Dakota resident and has invoked her statutory right to have this case heard in federal court. "The important issue of whether a federal court has jurisdiction over a lawsuit on the basis of amount in controversy should be decided on the basis of substance, not gamesmanship. <u>Kaufman</u>, 517 F.Supp.2d at 1066 (quotation and citation omitted).

Plaintiff's motion to remand and sealed memorandum in support are entirely lacking in substance. In fact, they fail to cite a single case that is supportive of Plaintiff's request. The lack of legal authority is demonstrative of Plaintiff's gamesmanship. It is well-established in this court that a post-removal affidavit is an impermissible avenue to defeat jurisdiction that plausibly existed at the time of removal. Defendant respectfully requests that the court deny Plaintiff's motion to remand without holding a hearing.

Dated: May 18, 2020.

<i>/s/   Ronald K. Hettich</i>
Ronald K. Hettich - MN #0325867
Attorney for Defendant
112 N. University Drive, Suite 323
Fargo, ND 58102
Tel: (701) 356-6471/Fax: (701) 356-6472
ron@hettichlaw.com