**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Robert E. Mathias,

Plaintiff,

vs.

Susan Hettich,

Defendant,

Case File No.: 0:20-cv-01014 SRN/LIB

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

---

INTRODUCTION

Defendants have moved the Court for an Order dismissing Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Because Defendants filed an Answer to the Complaint before filing the present Motion, the 12(b)(6) Motion may become a Rule 12(c) Motion.

However, for reasons set forth in our Memorandum, that is truly a distinction without a difference.

RELEVANT FACTS

Plaintiff served Defendant with a Complaint on or about March 25, 2020 alleging 2 courses of action against Defendant.

The first cause of action alleges that Defendant defamed Plaintiff by alleging several false statements devoid of any factual basis to the Lawyers Board of Professional Responsibility in August of 2018.

Plaintiff's second cause of action is set out in Plaintiff's Complaint as follows:

1. Defendant illegally obtained Plaintiff's tax records without the consent of Plaintiff.
2. Defendant used Plaintiff's tax records for her own illegal purpose thereby converting Plaintiff's property to her own use.
3. Defendant's illegally obtained tax documents belonging to Plaintiff and has used that property for her own purposes.
4. As a result of Defendant's conversion of her property, Defendant is liable for damages.

STANDARD OF REVIEW

The Court reviews a Rule 12(b)(6) Motion and a Rule 12(c) Motion under the standard that governs a rule 12(b)(6) Motion. Wescott v. City of Omaha 901 F 2nd 1486 (8th Circuit 1990).

In reviewing the present Motion, the Court must assume that Plaintiff's allegations are true and all reasonable inferences from those facts must be viewed in the light most favorable to the Plaintiff. Fabisch v. University of Minnesota 304 F3 797, 803 (8th Cir. 2002) Morton v Becker 793 F 2nd 185, 187 (8th Cir. 1986).

A Complaint must state a Claim for relief which is plausible on it's face to survive a Motion to dismiss. Bell Atc. Corp v. Twombly 550 U.S. 544 (2007).

A Plaintiff's Complaint must recite enough facts to raise a reasonable expectation that discovery will reveal evidence of the Claim. Radcliffe vs Securian Financial Group, Inc. 906 F. Supp 2nd 874, 884 (2012). (See also Twombly, supra atp. 556).

Plaintiff's Complaint of Conversion sets out all the elements of conversion and it will be up to a Jury to determine what damages Plaintiff has sustained.

Plaintiff's cause of action for defamation will not be pursued by Plaintiff. Whether Defendant has absolute immunity for using Plaintiff's property to concocts highly defamatory statements in a matter not pending, before the Lawyers Board is questionable. Such a rule may also be unconstitutional as a violation of the 14th amendment for taking away Plaintiff's right of redress guaranteed by the U.S. Constitution.

However, Plaintiff does not wish to become involved in long and costly litigation proving a point.

CONCLUSION

Defendant's Motion to Dismiss should be denied in its entirety.

Respectfully Submitted,

Robert E. Mathias
Attorney Pro-Se