UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Robert E. Mathias,                                                         File No. 20-cv-1014 (SRN/LIB)

          Plaintiff,

v.                                                                                                 **ORDER**

Susan Hettich,

          Defendant.

---

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636, and upon Defendant Susan Hettich's Motion to Stay Discovery or, in the Alternative, for a Protective Order. [Docket No. 10].

For the reasons discussed below, Defendant's Motion to Stay Discovery or, in the Alternative, for a Protective Order, [Docket No. 10], is **GRANTED**.

**I.      Background**

On March 19, 2020, Plaintiff Robert E. Mathias initiated the present case in Ramsey County by serving his Complaint on Defendant Susan Hettich. (Compl. [Docket No. 1-1]). On April 24, 2020, the case was removed by Defendant to this Court based on diversity jurisdiction. (Notice of Removal [Docket No. 1]).

In his Complaint, Plaintiff alleges that he "is an Attorney licensed to practice law in the State of Minnesota." (Compl. [Docket No. 1-1] ¶ 2). On August 31, 2018, Defendant filed a complaint with the Minnesota Office of Lawyers Professional Responsibility which alleged that Plaintiff was guilty of misconduct related to his dealings with the IRS. (See, Id. ¶ 4). Plaintiff alleges that "Defendant's allegations of misconduct are false and were generated and used by

Defendant in an attempt to remove Plaintiff as the Attorney for his grandchildren who at the time were engaged in a legal proceeding with a Trust that had as one of its Trustees, the Defendant."[1] (Compl. [Docket No. 1-1] ¶ 7). Plaintiff also alleges that "Defendant's false allegations were made maliciously and for the sole purpose of removing Plaintiff, as an attorney, in a contested matter and for the purpose of destroying Plaintiff's reputation as an attorney." (Id. ¶ 9).

Furthermore, Plaintiff alleges that "[s]ometime prior to August 31, 2018 Defendant illegally obtained Plaintiff's confidential tax records and converted those records to her own use." (Id. ¶ 3). "The tax documents had been in the exclusive custody and control of Plaintiff's former tax accountant and had been taken from the tax accountant's records by Defendant who gained access to said files after Plaintiff's former tax accountant passed away."[2] (Id. ¶ 6). "Defendant converted some of Plaintiff's tax documents and used said documents as proof of her allegations [in the complaint filed with the Minnesota Office of Lawyers Professional Responsibility]." (Id. ¶ 5).

On the basis of these allegations, Plaintiff asserts causes of action against Defendant for: (1) defamation; and (2) conversion. (Id. ¶¶ 10–11). Specifically, Plaintiff asserts that "Defendant's false written allegations were maliciously made to damage Plaintiff's livelihood as an Attorney and as such make Defendant guilty of Defamation Per Se," and Plaintiff asserts that "Defendant's use of Plaintiff's tax documents without his knowledge or permission makes Defendant liable for conversion under Minnesota Law." (Id.).

---

[1] "Defendant is the older sister of Ann Lee Coleman and the sole trustee of the Ann Lee Coleman Living Trust . . . ." (Answer and Countercl. [Docket No. 2] ¶ 17). Plaintiff is the father of Scott Mathias, who had four children with Ann Lee Coleman prior to their divorce in January 2017." (Id. ¶¶ 18, 20). Since Ann Lee Coleman passed away in March 2018, Plaintiff has acted as attorney for Scott Mathias and his four children in "[e]xtensive litigation . . . to determine and enforce the terms set forth in the Ann Lee Coleman Living Trust." (Id. ¶¶ 18, 21–22).

[2] Plaintiff's former tax accountant was Defendant's sister, Ann Lee Coleman. (See, Mathias Aff. [Docket No. 21] ¶ 4).

Also on April 24, 2020, Defendant Answered Plaintiff's Complaint. (Answer and Countercl. [Docket No. 2]). In her Answer, Defendant asserts a counterclaim against Plaintiff in which she alleges that "Plaintiff has caused a summons and complaint to be served upon Defendant for the ulterior purposes of harassing Defendant as well as avoiding, intimidating, and influencing Defendant regarding the administration of a trust and enforcement of court orders regarding the Ann Lee Coleman Living Trust . . . ." (Id. ¶ 26). Defendant further alleges that Plaintiff knew his claims "were lacking in evidentiary support," and Plaintiff "was put on notice . . . by Defendant . . . that he could be subject to sanctions under Minn. Stat. § 549.211." (Id. ¶¶ 27–28). On the basis of these allegations, Defendant requests "[t]hat the court dismiss Plaintiff's Complaint with prejudice" and that "[j]udgement be entered against Plaintiff in an amount to be determined, including damages and an assessment of costs, attorney's fees, and disbursements." (Id. at 4).

On May 5, 2020, Defendant filed a motion to dismiss. (Def.'s Mot. to Dismiss Compl. Pursuant to Rule 12(b)(6) [Docket No. 5]). In support of her motion to dismiss, Defendant first argues that Plaintiff's defamation claim should be dismissed under Fed. R. Civ. P. 12(b)(6) "because the report to the Minnesota Office of Lawyers Professional Responsibility is absolutely privileged." (Mem. in Supp. [Docket No. 6], at 10). Defendant then argues, in the alternative, that Plaintiff's defamation claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim. (Id. at 10–12). Lastly, Defendant argues that Plaintiff's conversion claim should be dismissed under Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim. (Id. at 12–13).

Also on May 5, 2020, Defendant filed the present Motion to Stay Discovery or, in the Alternative, for a Protective Order. [Docket No. 10].

On May 18, 2020, Plaintiff filed a motion to remand. (Plf.'s Mot. to Remand Case Pursuant to 28 U.S.C. 1447(c) [Docket No. 16]). In support of his motion to remand, Plaintiff argues that this Court lacks subject matter jurisdiction because, "[f]or purposes of satisfying 28 U.S.C. [§] 1332, there is no possible way that the value of Plaintiff's property will exceed $75,000." (Mem. in Supp. [Docket No. 19], at 2). Plaintiff also states that he "has decided not to proceed with [his] defamation claim." (Id. at 1).

On May 26, 2020, Defendant filed a motion for attorneys' fees and costs. (Def.'s Mot. for Attorney Fees & Costs [Docket No. 27]). Defendant seeks attorneys' fees and Costs pursuant to Minn. Stat. § 549.211, Minn. R. Civ. P. 11.03, Fed. R. Civ. P. 11, Fed. R. Civ. P. 54, or under the Court's inherent authority. (Id.).

On June 4, 2020, Plaintiff withdrew his claim of defamation. (Notice of Withdrawal of Defamation Claim [Docket No. 37]).

A motions hearing is currently scheduled on September 3, 2020, before the Honorable Susan Richard Nelson for oral arguments on Defendant's motion to dismiss, [Docket No. 5], Plaintiff's motion to remand, [Docket No. 16], and Defendant's motion for attorneys' fees and costs, [Docket No. 27]. (See, Notices of Hearing on Motions [Docket Nos. 7, 17, 29]).

## II. Defendant's Motion to Stay Discovery or, in the Alternative, for a Protective Order. [Docket No. 10].

Defendant moves this Court for an Order staying all discovery in the present case or, in the alternative, for a Protective Order regarding the deposition of Defendant until such time as the Court resolves Defendant's pending motion to dismiss. (Def.'s Mot. to Stay Disc. or, in the Alternative, for a Protective Order [Docket No. 10]). Plaintiff has not filed a memorandum in opposition to the present motion. During the Parties' meet and confer, Plaintiff indicated "that he

[wa]s not interested in discussing the Motion since he intend[ed] to file a motion to remand." (Meet and Confer Statement [Docket No. 14]).

As previously noted, oral arguments on Defendant's motion to dismiss, [Docket No. 5], Plaintiff's motion to remand, [Docket No. 16], and Defendant's motion for attorneys' fees and costs, [Docket No. 27], are scheduled to be heard by Judge Nelson on September 3, 2020. (See, Notices of Hearing on Motions [Docket Nos. 7, 17, 29]).

### A. Standard of Review

Federal Rule of Civil Procedure 26(c) provides that a district court may stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c); TE Connectivity Networks Inc. v. All Sys. Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013). In addition, a federal court has the inherent power to stay the proceedings of an action, "so as to control [its] docket, to conserve judicial resources, and to provide for the just determination of cases which pend before [it]." Kemp v. Tyson Seafood Grp., Inc., 19 F. Supp. 2d 961, 964 (D. Minn. 1998); see also, Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The decision to stay proceedings is within the broad discretion of the court. See, Clinton v. Jones, 520 U.S. 681, 706 (1997). "The mere filing of a motion to dismiss the complaint [alone] does not constitute 'good cause' for the issuance of a discovery stay." Id. (citing Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y 2006)). In exercising its authority, however, a court would construe and administer discovery, in a particular manner "to secure [a] just, speedy, and inexpensive determination." See, Fed. R. Civ. P. 1.

### B. Analysis

There are two pending dispositive motions in this case: Defendant's motion to dismiss and Plaintiff's motion to remand. (See, Def.'s Mot. to Dismiss Compl. Pursuant to Rule 12(b)(6)

5

[Docket No. 5]; Plf.'s Mot. to Remand Case Pursuant to 28 U.S.C. 1447(c) [Docket No. 16]). If Defendant's motion to dismiss proves successful, discovery is not necessary. If Plaintiff's motion to remand proves successful, then discovery will be directed by the state court.

When determining whether a stay is appropriate pending resolution of a dispositive motion in a particular case, federal courts have considered various factors, including (1) whether the movant has shown a likelihood of success on the merits of the dispositive motion; (2) hardship or inequity to the moving party if the matter is not stayed; (3) prejudice to the non-moving party if the matter is stayed; and (4) the conservation of judicial resources. See, e.g., Johnson v. Cty. of Douglas, Neb., No. 8:09CV356, 2011 WL 9368969, at *2 (D. Neb. July 6, 2011) (citing Being v. Eli Lilli & Co., 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008)). However, the decision whether to stay discovery is a practice matter left largely to the court's discretion. TE Connectivity Networks Inc. v. All Sys. Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *1 (D. Minn. Aug. 20, 2013).

### 1. Likelihood of Success on the Merits

A party who must demonstrate a likelihood of success on the merits in support of a requested stay is not required to demonstrate a greater than fifty percent probability that the motion for which it is seeking the stay will result in a determination in its favor. See, e.g., Knutson v. AG Processing, Inv., 302 F. Supp. 2d 1023, 1034 (N.D. Iowa 2004). However, the applicant for a stay must show more than a mere possibility that the motion will result in a decision in its favor. In determining whether a movant seeking a stay has shown a likelihood of success on the merits, a court must take a "peek" into the merits of the pending dispositive motion. TE Connectivity Networks Inc. v. All Sys. Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013).

Plaintiff has withdrawn his defamation claim. (Notice of Withdrawal of Defamation Claim [Docket No. 37]). Therefore, the only argument offered by Defendant in support of her motion to dismiss that remains relevant to the present inquiry is that Plaintiff's conversion claim fails to state a plausible claim. (See, Mem. in Supp. [Docket No. 6]).

"The common law tort of conversion is defined in Minnesota as 'an act of willful interference with personal property, "done without lawful justification by which any person entitled thereto is deprived of use and possession."'" Jacobs v. Gradient Ins. Brokerage, Inc., No. 15-3820 (DSD/TNL), 2016 WL 1180182, at *2 (D. Minn. Mar. 25, 2016) (quoting DLH. Inc. v. Russ, 566 N.W.2d 60, 71 (Minn. 1997)). "Conversion may involve tangible property, or intangible property customarily merged in, or identified with some document." Id. at *2 & n.2. (quotations omitted). To adequately plead conversion, Plaintiff must show that (1) he holds a property interest and (2) that Defendant deprived him of that property interest. (See, Id.).

Here, Defendant argues that "Plaintiff may not maintain a conversion claim based on Defendant's alleged reliance on a copy of IRS letters to support her claim to the Office of Professional Responsibility" because "[e]ven assuming these letters qualify as 'property' under Minnesota conversion law, Plaintiff has failed to explain how he has been deprived of the use of the information." (Mem. in Supp. [Docket No. 6], at 12–13). Defendant further argues that Plaintiff has also failed to allege "how the alleged conversion of Plaintiff's letters damaged Plaintiff." (Id. at 13). Plaintiff does not directly address Defendant's arguments. (Mem. in Opp'n [Docket No. 25], at 1–2). Rather, Plaintiff broadly quotes allegations from his Complaint, and he generally asserts that his "Complaint sets out all the elements of conversion and it will be up to a Jury to determine what damages Plaintiff has sustained." (Id. at 2).

Noting Plaintiff's minimalist approach to pleading factual allegations and that Defendant has cited to some case law in support of her position, the Court finds that Defendant has shown some likelihood of success on the merits of her motion to dismiss. The issue of whether Plaintiff has properly plead his conversion claim is, however, not before the undersigned. And the undersigned expresses no opinion on the ultimate merits of that question. At the present time, it is sufficient for the purposes of the instant motion that the undersigned's "peek" at the merits of the Defendant's motion to dismiss indicates that Defendant has shown some likelihood of success on the merits.

In support of his motion to remand, Plaintiff argues that this Court lacks subject matter jurisdiction. (Mem. in Supp. [Docket No. 19], at 2). Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between—(1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state . . . ." The Parties dispute whether the amount in controversy exceeds $75,000. (See, Mem. in Supp. [Docket No. 19], at 2; Mem. in Opp'n [Docket No. 23], at 3–4).

Plaintiff argues that "[f]or purposes of satisfying 28 U.S.C. [§] 1332, there is no possible way that the value of Plaintiff's property will exceed $75,000." (Mem. in Supp. [Docket No. 19], at 2). Conversely, Defendant argues that she has "shown that the 'amount in controversy' plausibly exceeded the jurisdictional limit at the time of removal" because "Plaintiff's complaint alleged damages in excess of $50,000," "Plaintiff indicated to Defendant that he 'will get a punitive damages award,'" "Defendant has counterclaimed for, among other damages, an award of attorney's fees under Minn. Stat. § 549.211," and both punitive damages and statutory attorney's fees "can count toward the jurisdictional minimum calculation." (Mem. in Opp'n [Docket No. 23],

at 3–4). Defendant further argues that Plaintiff cannot defeat jurisdiction by voluntarily withdrawing his defamation claim and thereby reducing his claim to less than $75,000. (Id. at 4–5).

Noting that Plaintiff's Complaint does not on its face assert punitive damages and that it is somewhat unclear based on the present record whether the amount in controversy ever exceeded the jurisdictional threshold, the Court finds that Plaintiff has shown some likelihood of success on the merits of his motion to remand. The issue of subject matter jurisdiction is, however, not before the undersigned. And the undersigned expresses no opinion on the ultimate merits of that question. At the present time, it is sufficient for the purposes of the instant motion that the undersigned's "peek" at the merits of the Plaintiff's motion to remand indicates that Plaintiff has shown some likelihood of success on the merits.

Both dispositive motions have been shown to have some likelihood of success on the merits. Therefore, the Court finds this factor weighs in favor of granting the requested stay.

### 2. Hardship or Inequity to Defendant

Defendant indicates that she will incur substantial cost in responding to Plaintiff's discovery requests which may ultimately prove to be unnecessary in the event that her pending motion to dismiss is granted. (See, Mem. in Supp. [Docket No. 11], at 3–5). Specifically, Defendant asserts that Plaintiff noticed her "deposition to take place in Duluth, Minnesota, approximately five hours from [her] residence," and that "Plaintiff has refused to discuss the deposition location." (Id. at 4). Defendant also contends that "in addition to noticing [her] deposition, Plaintiff has requested Defendant respond to a number of interrogatories of questionable relevance," such as identifying when Defendant was in Ann Lee Coleman's home

9

over a period of four years and "detailed information about how Defendant came to possess the IRS documents at issue." (Id.).

It is, of course, too early to tell whether or not any discovery conducted during the pendency of Defendant's motion to dismiss and/or Plaintiff's motion to remand is ultimately unnecessary. Generally, however, courts, including the present Court, disfavor the proliferation of litigation costs associated with potentially unnecessary litigations. See, e.g., Coach, Inc. v. Kmart Corps., 765 F. Supp. 2d 421, 429 (S.D.N.Y. 2010) (finding that a party would be prejudiced by incurring increased time and expense associated with discovery for potentially unnecessary litigation).

Accordingly, the Court finds that this factor weighs in favor of granting the requested stay. However, because Defendant asserts only that she has the potential to suffer hardship, this factor only weighs minimally in favor of granting the requested stay.[3]

### 3. Prejudice to Plaintiff

Plaintiff did not file a memorandum in opposition to the present motion. Therefore, Plaintiff does not assert that he would suffer any prejudice if a stay is granted. Accordingly, the Court finds that on the present record, there would be little, if any, prejudice to Plaintiff if a stay is entered pending the resolution of Defendant's motion to dismiss and Plaintiff's motion to remand.

Oral arguments on the pending dispositive motions are scheduled to be heard before Judge Nelson on September 3, 2020. (See, Notices of Hearing on Motions [Docket Nos. 7, 17]). Thus, any stay is likely to be relatively short. Moreover, the Court has not yet issued a Pretrial Scheduling

---

[3] The Court notes that, other than attending a deposition that is five hours from her residence, Defendant did not specifically inform the Court as to the specific costs or hardships that she would incur in complying with said discovery.

Order. Therefore, in the event that both pending dispositive motions are denied, a stay would not take away any time from the yet-to-be-determined discovery period.

Accordingly, this factor does not weigh against granting the requested stay.

### 4. Conservation of Judicial Resources

In determining whether a stay of discovery until the resolution of a pending dispositive motion would conserve judicial resources, a court examines the breadth of any pending discovery and whether the pending dispositive motion has the potential to resolve the litigation. See, TE Connectivity Networks Inc. v. All Sys. Broadband, Inc., No. 13-cv-1356 (ADM/FLN), 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013).

Here, Defendant's motion to dismiss if granted would dispose of the entirety of the present case. (See, Def.'s Mot. to Dismiss Compl. Pursuant to Rule 12(b)(6) [Docket No. 5]). Accordingly, none of the discovery that is currently pending pertains to an issue that would fail to be resolved if Defendant's motion to dismiss were granted. Because the pending motion to dismiss, on which Defendant has demonstrated some likelihood of success on the merits, has the potential to resolve all of the issues to which the currently pending discovery is relevant, this factor weighs in favor of granting the requested stay.

Moreover, Plaintiff's motion to remand is based on the argument that this Court lacks subject matter jurisdiction to adjudicate his claims. (See, Plf.'s Mot. to Remand Case Pursuant to 28 U.S.C. 1447(c) [Docket No. 16]). "When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." Gonzalez v. Thaler, 132 S. Ct. 641, 649 (2012) (citing United States v. Cotton, 535 U.S. 625, 630 (2002)). If the request for a stay was denied and discovery was permitted to proceed and if any discovery disputes were brought before the undersigned, then the undersigned would be

11

compelled to reach a decision on the issue of subject matter jurisdiction before addressing the merits of any potential discovery dispute. In fact, Defendant implies that Plaintiff's already-pending discovery may require motion practice.[4] (See, Mem. in Supp. [Docket No. 11]). This, however, would lead to a waste of judicial resources because the issue of whether or not the Court has subject matter jurisdiction over Plaintiff's claims is already pending before Judge Nelson. Because permitting discovery to proceed in the present case could lead to the duplicative waste of judicial resources this factor weighs heavily in favor of granting the requested stay.

Upon careful and extensive review, the Court finds that the balance of the equities in the present case, particularly the conservation of judicial resources, weighs in favor of entering a stay of discovery until Defendant's motion to dismiss and Plaintiff's motion to remand are resolved. Accordingly, the Court, in its inherit discretion, **GRANTS** Defendant's Motion to Stay Discovery or, in the Alternative, for a Protective Order. [Docket No. 10]. The time in which to respond to any discovery requests currently pending in the present case is accordingly stayed, and no Scheduling Order will be issued until, if necessary, Defendant's motion to dismiss and Plaintiff's motion to remand are heard and resolved.

### III. CONCLUSION

For the foregoing reasons, and based on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED THAT**:

1. Defendant Susan Hettich's Motion to Stay Discovery or, in the Alternative, for a Protective Order, [Docket No. 10], is **GRANTED**;

---

[4] In support of the present motion, Defendant contends that a number of Plaintiff's Interrogatories are "of questionable relevance." (Id. at 4). Defendant further contends that "[u]pon receipt of the Notice of Deposition [of Defendant], defense counsel pointed out to Plaintiff the general rule that a deponent, even if a party to an action, may insist that a deposition be conducted near the deponent's residence" but "Plaintiff has refused to discuss the deposition location." (Id.).

2. The time in which to respond to any discovery requests currently pending in the present case is accordingly stayed; and

3. No Scheduling Order will be issued until, if necessary, Defendant's motion to dismiss and Plaintiff's motion to remand are heard and resolved.

Dated: June 29, 2020                              s/Leo I. Brisbois
                                                                         Leo I. Brisbois
                                                                         U.S. MAGISTRATE JUDGE