## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Robert E. Mathias,<br><br>             Plaintiff,<br><br>v.<br><br>Susan Hettich,<br><br>             Defendant. | Case No. 20-cv-1014 (SRN/LIB)<br><br><br>**ORDER** |

Robert E. Mathias, 11 East Superior Street, Suite 506, Duluth, MN 55802, Pro Se.

Ronald K. Hettich, 112 North University Drive, Suite 323, Fargo, ND 58102, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on Defendant Susan Hettich's Motion to Dismiss the Complaint ("Motion to Dismiss") [Doc. No. 5] for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Plaintiff Robert E. Mathias's Motion to Remand to Transferor District Court ("Motion to Remand") [Doc. No. 16], and Defendant's Motion for Sanctions in the form of Attorney's Fees and Costs ("Motion for Sanctions") [Doc. No. 27]. For the reasons set forth below, the Court **DENIES as moot in part** and **GRANTS in part** Defendant's Motion to Dismiss, **DENIES** Plaintiff's Motion to Remand, and **DENIES** Defendant's Motion for Sanctions.

## I.  BACKGROUND

In the Complaint, Plaintiff alleges that Defendant is liable for conversion and defamation under Minnesota law. (*See* Compl. [Doc. No. 1-1].) In his claim for conversion, Plaintiff alleges that Defendant "illegally obtained Plaintiff's confidential tax records and converted those records to her own use," "converted some of Plaintiff's tax documents," used "Plaintiff's tax documents without his knowledge or permission," and that Defendant gained access to and took the tax documents from his former tax accountant's records. (*Id.* ¶¶ 3, 5, 6, 11.) In his claim for defamation, Plaintiff, who is an attorney licensed in Minnesota, alleges that Defendant filed a false complaint against him with the Minnesota Office of Lawyers Professional Responsibility. (*Id.* ¶¶ 4, 7-10.)

Plaintiff filed this lawsuit in St. Louis County District Court. (*See* Compl.) Defendant removed the lawsuit to federal court, invoking diversity jurisdiction. (*See* Notice of Removal [Doc. No. 1]; *see also* 28 U.S.C. § 1441 (allowing defendant to remove civil actions brought in State court on the basis of diversity jurisdiction).) As noted, Plaintiff has since moved to remand the lawsuit to state court and has withdrawn his defamation claim. (*See* Motion to Remand [Doc. No. 16]; Withdrawal of Claim [Doc. No. 37].) Defendant, for her part, moved to dismiss all counts in the Complaint for failure to state a claim and moved for sanctions. (*See* Motion to Dismiss [Doc. No. 5]; Motion for Sanctions [Doc. No. 27].)

## II.  DISCUSSION

Because Plaintiff's motion to remand implicates the Court's subject matter jurisdiction, the Court will consider it first.

### A.   Plaintiff's Motion to Remand

Plaintiff moves to remand this case to state court pursuant to 28 U.S.C. § 1447(c), contending only that the amount in controversy does not exceed $75,000. (*See* Pl.'s Sealed Mem. in Support of Motion to Remand [Doc. No. 19] at 2.) An action brought in state court may be removed to federal court if it could have originally been filed in federal court. 28 U.S.C. § 1441(a). After removal, a plaintiff may move to remand the matter back to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing party bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "[J]urisdiction is determined at the time of removal, even though subsequent events may remove from the case the facts on which jurisdiction was predicated." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006).

Plaintiff argues that the Court should remand the case to state court because the amount in controversy does not exceed $75,000, as required by 28 U.S.C. § 1332. He contends that the value of his conversion claim does not exceed $75,000 and states that he will not be proceeding with his defamation claim. (Pl.'s Sealed Mem. in Support of Motion to Remand at 1-2.) Indeed, Plaintiff later withdrew his defamation claim. (*See* Withdrawal of Claim [Doc. No. 37].)

Defendant argues that the amount in controversy exceeds $75,000 based on Plaintiff's allegations, Plaintiff's pursuit of punitive damages, and Defendant's

counterclaim for attorney fees. (Def.'s Mem. in Opposition to Motion to Remand [Doc. No. 23] at 3-5.) She contends that the jurisdictional amount must be calculated at the time of removal and therefore Plaintiff's defamation claim must factor into the Court's evaluation of jurisdiction. Defendant argues that Plaintiff's withdrawal of his defamation claim cannot defeat federal jurisdiction.

The Court agrees with Defendant that jurisdiction is determined at the time of removal. *See Quinn*, 470 F.3d at 1248. Therefore, although Plaintiff has since withdrawn his defamation claim, the Court must consider both the defamation and conversion claims when it analyzes the amount in controversy because, at the time of removal, Plaintiff maintained both claims.

To satisfy the amount in controversy requirement, Defendant must prove by a preponderance of the evidence that the amount in controversy exceeded $75,000. The Court assesses "not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Punitive damages are included in determining the amount in controversy. *Allison v. Sec. Benefit Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992). "The Eighth Circuit has not squarely addressed the question of whether a counterclaim should be considered in calculating the amount in controversy in the removal context." *Sherwood v. Fire It Up Prods., LLC*, No. 4:18-cv-00787-KGB, 2019 U.S. Dist. LEXIS 164164, at *7 (E.D. Ark. 2019).

Defendant has met her burden of showing that the amount in controversy at the time of removal plausibly exceeded the jurisdictional threshold. Plaintiff alleged damages in

excess of $50,000 and alleged that Defendant is liable for defamation per se and conversion, which both can result in awards of punitive damages. (*See* Compl.; *Hern v. Bankers Life Cas. Co.*, 133 F. Supp. 2d 1130, 1135 (D. Minn. 2001) (punitive damages may be awarded for defamation per se); *Shukh v. Seagate Tech., LLC*, No. 10-404 (JRT/JJK), 2011 U.S. Dist. LEXIS 137402, at *23 (D. Minn. 2011) (punitive damages may be awarded for conversion).) Although it is not entirely clear whether Defendant's counterclaim for attorney fees may factor into the amount in controversy, *see Sherwood*, 2019 U.S. Dist. LEXIS 164164, at *7, the Court need not reach this issue because Plaintiff's alleged damages and the possibility of punitive damages on both claims could plainly surpass the jurisdictional threshold. Accordingly, Defendant has established by a preponderance of the evidence that a fact finder "might legally conclude" that the damages exceed $75,000.

Having found that the amount in controversy plausibly exceeded the jurisdictional threshold at the time of removal, the Court concludes that removal was proper and that it has subject matter jurisdiction over the case. The Court thus turns to Defendant's Motion to Dismiss for failure to state a claim.

## B.   Defendant's Motion to Dismiss for Failure to State a Claim

Defendant moves to dismiss all Counts in the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (*See* Def.'s Mem. in Support of Motion to Dismiss [Doc. No. 5] at 9-14.) When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Hager v. Ark. Dep't of Health*, 735

F.3d 1009, 1013 (8th Cir. 2013). In doing so, however, the Court need not defer to legal conclusions or "formulaic recitation[s] of the elements of a cause of action." *Lustgraaf v. Behrens*, 619 F.3d 867, 873 (8th Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While the plausibility standard is "not akin to a probability requirement," it necessarily requires a complaint to present "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted).

### 1.    Plaintiff's Defamation Claim

On June 4, 2020, Defendant withdrew his defamation claim. (*See* Withdrawal of Claim [Doc. No. 37].) Accordingly, Defendant's motion to dismiss Plaintiff's defamation claim is denied as moot.

### 2.    Plaintiff's Conversion Claim

"Conversion occurs where one willfully interferes with the personal property of another 'without lawful justification,' depriving the lawful possessor of 'use and possession.'" *Williamson v. Prasciunas*, 661 N.W.2d 645, 649 (Minn. Ct. App. 2003) (quoting *DLH, Inc. v. Russ*, 566 N.W.2d 60, 71 (Minn. 1997)). Conversion has two

6

elements: (1) the plaintiff holds a property interest, and (2) the defendant deprives plaintiff of that interest. *Id.* (citations omitted). Of course, damages are also required. *Sneve v. First Nat'l Bank & Trust Co. of Minneapolis*, 261 N.W. 700, 700 (Minn. 1935)); *see Microsoft Corp. v. Ion Techs. Corp.*, 484 F. Supp. 2d 955, 963-64 (D. Minn. 2007).

Plaintiff alleges that Defendant "illegally obtained," "converted," and took several tax documents from his former accountant's records. (Compl. ¶¶ 3, 5, 6, 11.) Defendant argues that Plaintiff's allegations are conclusory, and that Plaintiff has not adequately pleaded that the property has any value, how he has been deprived of its use, or that he has suffered damages. (Def.'s Mem. in Support of Motion to Dismiss at 12-13.)

Accepting all of Plaintiff's allegations as true, the factual allegations do not support his claim of conversion. First, Plaintiff's bare-bones legal conclusions to the effect that Defendant illegally obtained or converted his property do not sufficiently state a plausible claim. (*See* Compl. ¶¶ 3, 5, 11; *Lustgraaf*, 619 F.3d at 873.) Moreover, the Complaint does not allege facts stating that Defendant deprived him of use and possession of the tax documents at issue. Nor does the Complaint allege damages. At most, the Complaint merely alleges without elaboration that Defendant took them. (*See* Compl. ¶ 6.) Such allegations do not state a plausible conversion claim, and Plaintiff has offered no authority to alter that conclusion. (*See* Pl.'s Mem. in Opposition to Motion to Dismiss [Doc. No. 25].) Additionally, further factual allegations would not establish the deprivation and damages required to state a plausible claim for conversion. *See Mid-List Press v. Nora*, 275 F. Supp. 2d 997, 1005 (D. Minn. 2003) (dismissing conversion claim because plaintiff still had possession and use of trade secrets at issue); *Bloom v. Hennepin County*, 783 F. Supp.

7

418, 441 (D. Minn. 1992) (determining that defendants' copying and use of plaintiff's proprietary information was insufficient to establish deprivation required for conversion claim); *see also Bloom*, 783 F.Supp. at 441 ("The tort of conversion applies where interference with the plaintiff's property is so serious as to justify the forced judicial sale of the property to the defendant."). Therefore, Plaintiff's conversion claim is dismissed with prejudice.

### C.    Defendant's Motion for Sanctions

Defendant requests sanctions in the form of attorney fees and costs under Minn. Stat. § 549.211, Minn. R. Civ. P. 11.03, Fed. R. Civ. P. 11 and 54, and under the Court's inherent authority. (*See* Def.'s Motion for Attorney Fees & Costs [Doc. No. 27]; Def.'s Mem. in Support of Motion for Attorney Fees and Costs [Doc. No. 28].)

The Court declines to order sanctions. First, the Court cannot order sanctions under Minn. Stat. § 549.211 or under Minn. R. Civ. P. 11.03 because it lacks such authority. *See Williams v. Walski*, No. 12-cv-2954 (SRN/JSM), 2014 U.S. Dist. LEXIS 129265, at *24-25 (D. Minn. 2014). Additionally, the Court does not view the conduct of which Defendant complains as sanctionable under Federal Rules 11 or 54, and it declines to sanction Plaintiff under its inherent authority. Thus, Defendant's request for sanctions in the form of attorney fees and costs is denied.

### III.    CONCLUSION

Based on the foregoing, and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for Failure to State a Claim [Doc. No. 5] is

   **DENIED as moot in part** and **GRANTED in part**;

2. Plaintiff's Motion to Remand [Doc. No. 16] is **DENIED**;

3. Defendant's Motion for Sanctions [Doc. No. 27] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 24, 2020                    s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge